## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID ROBERT BUSWELL,**

      **Petitioner,**

    **v.**                                **CIVIL ACTION NO. 1:08cv145**
                                              **(Judge Keeley)**

**WAYNE PHILLIPS,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On July 18, 2008, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On July 28, 2008, the petitioner's motion to proceed *in forma pauperis* was granted. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. PROCEDURAL HISTORY

On May 24, 2007, the petitioner entered a guilty plea in the United States District Court for the Eastern District of Virginia. On September 12, 2007, he was sentenced to a term of imprisonment of fifteen months for Mail Fraud in violation of 18 U.S.C. § 1341 to be served concurrently with a fifteen month sentence for Wire Fraud in violation of 18 U.S.C. § 1343. In addition, the petitioner was sentenced to 3 years Supervised Release, a $100 Special Assessment and was ordered to pay restitution in the amount of $91,025.19. The judgment and commitment order was entered on September 12, 2007, as well. The petitioner did not appeal his conviction and sentence.

Petitioner thereafter filed his instant petition pursuant to 28 U.S.C. § 2241. The petition, which

is largely unintelligible, does indicate the petitioner's allegation that the act for which he was convicted is no longer considered a crime, and further, that he cannot raise this argument in a § 2255 petition.

### III. ANALYSIS

**A. 28 U.S.C. § 2241**

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004; see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type o f detention and conditions in the facility where he is housed. Adams at 135.

In his petition, the petitioner attacks the validity of his conviction and sentence rather than the means of execution and seeks to have his conviction reversed. Accordingly, it is the type of challenge that ordinarily must be brought under § 2255 and not § 2241. A federal prisoner attacking the validity of his conviction or sentence may utilize the provisions of § 2241, but only when § 2255 is "inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 1194.

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit

concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Id. at 333-34.

There is nothing in the petitioner's § 2241 petition which demonstrates that he meets the Jones requirements. Consequently, the petitioner has not demonstrated that § 2255 is an adequate or ineffective remedy, and he has improperly filed a § 2241 petition.

**B. 28 U.S.C. § 2255**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.[1]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[2]; or

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[2] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right

3

      d.      The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

Where, as here, the petitioner does not file a direct appeal, the judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket. *See* Fed. R.Ap. P. 4(b)(1)(A)(I), (6). Therefore, the petitioner's conviction became final on September 25, 2007, the date the time for filing his direct appeal expired.[3] Consequently, the petitioner has until September, 2008, to file a timely petition pursuant to 28 U.S.C. § 2255. Petition's motion under 28 U.S.C. § 2241, was filed on July 18, 2008. Therefore, it might be appropriate to recharacterize the motion as the petitioner's first § 2255 motion, upon giving the petitioner proper notice. See Castro v. United States, 540 U.S. 375 (2003). However, a federal prisoner must seek relief under § 2255 from the court which sentenced him. See 28 U.S.C. § 2255. Accordingly, this court does not have the authority to construe the petitioner's § 2241 motion as a § 2255.[4] This can only be done by the U.S. District Court for the Eastern District of Virginia.

### IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be

---

asserted was made retroactive. Dodd v. United States, ____ U.S. ____, 125 S.Ct. 2478 (2005).

[3] Rule 26 of the Federal Rules of Appellate Procedures provides that in computing time, the day of the act, event, or default that begins the period is excluded and when the period is less than 11 days, intermediate Saturday, Sundays, and legal holidays are excluded.

[4] The undersigned notes that the plaintiff was released from the custody of the Bureau of Prisons on April 1, 2008. However, he remains under supervised release and has a felony conviction on his record. Therefore, the mere fact that he is no longer incarcerated does not moot the challenge to his conviction.

**DENIED**, and this matter be transferred to the U.S. District Court for the Eastern District of Virginia (Richmond) for any action it deems appropriate in recharacterizing the petition as a motion pursuant to 28 U.S.C. § 2255.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, at his last know address as reflected on the docket sheet.

DATED: July 31, 2008

                                                 /s/ James E. Seibert
                                                 JAMES E. SEIBERT
                                                 UNITED STATES MAGISTRATE JUDGE